

Wells Fargo Home Mortgage
P.c. Box 10368
Des Moines,, IA 50306-0368

April 11, 2013

Donna Prince
706   South California
Chicago IL 60612 0000

Dear Donna Prince :

RE: Loan Number ▓▓▓▓2012, Client 708

I'm writing you today to congratulate you on successfully completing the
modification process. I am also enclosing a corrected copy of your
executed Modification Agreement for your records. Any alterations you may
see on the document were made by an authorized representative. Please
note that all corrections are just clerical in nature and do not change
any of the terms of your modification.

If you have any questions, please contact me at the phone number listed
below.

Sincerely,

CASSIDY HERNANDEZ
Home Preservation Specialist
Wells Fargo Home Mortgage
Ph: 1-877-393-3751
Ext: 32012
Fax: 1-866-590-8910

Please be advised that Wells Fargo Home Mortgage may be
attempting to collect a debt and any information obtained may be used for
that purpose. If you are currently in bankruptcy or your debt has been
discharged in bankruptcy, Wells Fargo Home Mortgage is only
exercising its rights against the property and is not attempting to hold
you personally liable on the Note. We may report information about your
account to credit bureaus. Late payments, missed payments, or other
defaults on your account may be reflected in your credit report.

HP400/8IU/Pg1

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N A NMLSR ID 399801

Together we'll go far



Wells Fargo Home Mortgage
P.o. Box 10368
Des Moines,, IA 50306-0368

With respect to those loans in the state of California, the state
Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt
Collection Practices Act require that, except under unusual circumstances
collectors may not contact you before 8 a.m. or after 9 p.m. They may not
harass you by using threats of violence or arrest or by using obscene
language. Collectors may not use false or misleading statements or call
you at work if they know or have reason to know that you may not receive
personal calls at work. For the most part, collectors may not tell
another person, other than your attorney or spouse, about your debt.
Collectors may contact another person to confirm your location or enforce
a judgment. For more information about debt collection activities, you
may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov

HP400/8IU/Pg2

Together we'll go far

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

1/4/2013

# LOAN MODIFICATION AGREEMENT

**PROPERTY ADDRESS**       706 SOUTH CALIFORNIA
CHICAGO, IL 60612-3326

~~EH MIN:~~ ~~MERS Phone: 1-888-679-6377~~

THIS LOAN MODIFICATION AGREEMENT ("Agreement"), made on 02/01/2013 (the "Modification Effective Date"), by and between DONNA PRINCE (the "Borrower(s)") and Wells Fargo Bank, N.A. (the "Lender", ~~and Mortgage Electronic Registration Systems, Inc. (Mortgagee)~~) together with the Borrower(s), the "Parties").

## WITNESSETH

WHEREAS, Borrower has requested and Lender has agreed, subject to the following terms and conditions, to a loan modification as follows:

1. Borrower filed for relief under Chapter 13 of the United States Bankruptcy Code on 10/04/2012.

2. At the Borrowers request, the borrower and counsel for both parties agree to address the defaulted amount by means of a loan modification.

3. Borrower received the consent of the United States Bankruptcy Court or equivalent, to modify the mortgage on 03/11/2013.

4. Prior to filing for relief under the United States Bankruptcy Code, Borrower agreed to repay the above referenced loan pursuant to the Note and Security Instrument between Lender and Borrower. Such agreement granted Lender a valid security interest and an enforceable lien on the property securing the loan.

5. Borrower, during the course of the bankruptcy case, did not, and does not intend to reaffirm the debt.

6. Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge from bankruptcy that has or may be granted to Borrower in conjunction with the execution of this Agreement. Lender acknowledges that if borrower receives a discharge from a chapter 7 bankruptcy and the loan was not reaffirmed as part of the bankruptcy, Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

7. Borrower desires to retain the Property securing the Note, and acknowledges that Lender's security interest and lien are still valid and enforceable.

8. Borrower acknowledges and understands that he/she is not obligated to enter into this Agreement, and that he/she is entering into this Agreement at Borrower's request, voluntarily and with no coercion or pressure from Lender, for the sole purpose of retaining the Property. Borrower understands that he/she has may have no personal obligation to repay the debt secured by the Property if said debt is discharged in bankruptcy without a valid reaffirmation agreement. (AFTER READING THIS PARAGRAPH, BORROWER MUST INITIAL HERE.)

NOW THEREFORE, in consideration of the covenants hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, it is agreed as follows (notwithstanding anything to the contrary in the Note and Security Instrument dated 09/08/2005.)

1. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to the Modified Loan. The new principal balance of my Note will be $183,531.85) (the "New Principal Balance"). Borrower understands that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. Borrower also understands that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

2. $55,059.56 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $128,472.29. Interest at the rate of 4.250% will begin to accrue on the Interest Bearing Principal Balance as of 02/01/2013 and the first new monthly payment on the Interest Bearing Principal Balance will be due on 03/01/2013. Borrower agrees to make payments for the Modified Loan as outlined in the payment schedule below:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 4.250 | 02/01/2013 | $557.08 | 324.62 adjusts annually after 1 year | 881.70 adjusts annually after 1 year | 03/01/2013 | 480 |

163059869780    GLOBAL ISDN    AT&T    10:11:57 a.m.    04-24-2013    5/12

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 2 shall supersede any provisions to the contrary in the Note and Security Instrument, including but not limited to, provisions for an adjustable, step or simple interest rate.

Borrower understands that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my Modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My Modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

2. EXTENSION. This Agreement hereby modifies the following terms of the Note and Security Instrument described herein above as follows:

A. The current contractual due date has been extended from 06/01/2012 to 03/01/2013. The first modified contractual due date is on 03/01/2013.

B. The maturity date has been extended from 10/35 (month/year) to February 01, 2053.

C. The amount of interest to be included (capitalized) will be U.S. $7,562.70.

D. The amount of the Escrow Advance to be capitalized will be U.S. $592.77.

E. The amount of Recoverable Expenses* to be capitalized will be U.S. $10.00.
   * Recoverable Expenses may include, but are not limited to: Title, Attorney fees/costs, BPO/Appraisal, and/or Property Preservation/Property Inspections

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date I sell or transfer an interest in the property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the maturity date.

G. Borrower agrees that certain amounts owed will not be capitalized, waived, or addressed as part of this Agreement, and will remain owed until paid. These amounts owed are referenced in the Cover Letter to this Agreement, which is incorporated herein, and are to be paid with the return of this executed Agreement. If these amounts owed are not paid with the return of this executed Agreement, then Lender may deem this Agreement void.

3. NOTE AND SECURITY INSTRUMENT. Nothing in this Agreement shall be understood or construed to be a satisfaction or release, in whole or in part of the Borrower's obligations under the Note or Security Instrument. Further, except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender

will be bound by, and shall comply with, all of the terms and provisions thereof, as amended by this Agreement.

4. The undersigned Borrower(s) acknowledge receipt and acceptance of the Loan Modification Settlement Statement. Borrower(s) agree with the information disclosed in and understand that I/we am/are responsible for payment of any outstanding balances outlined in the Loan Modification Settlement Statement.

5. If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Truth in Lending statement.

6. If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the 1-4 Family Modification Agreement Rider Assignment of Rents.

7. If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Notice of Special Flood Hazard disclosure.

8. This Agreement is conditioned upon the receipt of the 1-4 Family Modification Agreement Rider Assignment of Rents, if included, specified in the attached cover letter, which is incorporated herein by reference.

9. That (he/she/they) (is/are) the Borrower(s) on the above-referenced Mortgage Loan serviced by Wells Fargo Bank, N.A..

That (he/she/they) have experienced a financial hardship or change in financial circumstances since the origination of (his/her/their) Mortgage Loan.

That (he/she/they) did not intentionally or purposefully default on the Mortgage Loan in order to obtain a loan modification.

10. If the Borrower(s) make a partial prepayment of principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts that are due.

CORRECTION AGREEMENT. The undersigned borrower(s), for and in consideration of the approval, closing and funding of this Modification, hereby grants Wells Fargo Bank, N.A., as lender, limited power of attorney to correct and/or initial all typographical or clerical errors discovered in the Modification Agreement required to be signed. In the event this limited power of attorney is exercised, the undersigned will be notified and receive a copy of the document executed or initialed on their behalf. This provision may not be used to modify the interest rate, modify the term, modify the outstanding principal balance or modify the undersigned's monthly principal and interest payments as modified by this Agreement. Any of these specified changes must be executed directly by the undersigned. This limited power of attorney shall automatically terminate in 120 days from the closing date of the undersigned's Modification.
_____(Borrower(s) initial)

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as the date first above written.

By signing this Agreement I hereby consent to being contacted concerning this loan at any cellular or mobile telephone number I may have. This includes text messages and telephone

calls including the use of automated dialing systems to contact my cellular or mobile telephone. You will not be billed by your cellular or mobile carrier for any text messages you may receive from Wells Fargo, however, any calls we place to your cellular or mobile phone will incur normal airtime charges assessed by your mobile carrier.

Dated as of this __22__ day of __MARCH__, 20__13__.

_____  _____
DONNA PRINCE
Signature                  Signature

_____
Signature

_____     **Michelle Hoffmann**
Wells Fargo Bank, N.A.        Vice President Loan Documentation

~~Mortgage Electronic Registration Systems, Inc.~~

Name: _____

Its: _____



Wells Fargo Home Mortgage
2051 Killebrew Drive
Bloomington, MN 55425

January 04, 2013

Donna Prince
706    South California
Chicago IL 60612 0000

Subject: Assignment of Rent Rider

Dear Donna Prince :

1-4 Family Modification Agreement Rider Assignment of Rents
THIS 1-4 FAMILY MODIFICATION AGREEMENT RIDER ASSIGNMENT OF RENTS ("1-4
Family Rider") effective January 04, 2013 is incorporated into that certai
Loan Agreement (the "Modification") of the same date made by
Donna Prince (the "B
incorporated into and amends and supplements the Security Instrument
executed by Borrower to secure the Note. The Security Instrument covers
covers the Property as defined and described in the Security Instrument
and located at:
706 South California Chicago IL 60612-3326

1-4 FAMILY COVENANTS. In addition to the covenants and agreements made
in the Security Instrument, Borrower and Lender further covenant and
agree as follows:

A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT. In addition to
the Property described in the Security Instrument, the following items
are added to the Property description, and shall also constitute the
Property covered by the Security Instrument: building materials,
appliances and goods of every nature whatsoever now or hereafter located
in, on, or used, or intended to be used in connection with the Property,
including, but not limited to, those for the purposes of supplying or
distributing heating, cooling, electricity, gas, water, air and light,
fire prevention and extinguishing apparatus, security and access control
apparatus, plumbing, bath tubs, water heaters, water closets, sinks,
ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers,
awnings, storm windows, storm doors, screens, blinds, shades, curtains
and curtain rods, attached mirrors, cabinets, paneling and attached floor
coverings now or hereafter attached to the Property, all of which,
including replacements and additions thereto, shall be deemed to be and
remain a part of the Property covered by the Security Instrument. All of
the foregoing together with the Property described in the Security
Instrument (or the leasehold estate if the Security Instrument is on a
LM146/HH1/Page 1

WELLS | HOME
FARGO | MORTGAGE

Wells Fargo Home Mortgage
2051 Killebrew Drive
Bloomington, MN 55425

Page 2/Assignment of Rent Rider

leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

B. USE OF PROPERTY; COMPLIANCE WITH LAW. Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

C. SUBORDINATE LIENS. Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

D. RENT LOSS INSURANCE. Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Uniform Covenant 5 of the Security Instrument.

E. "BORROWER'S RIGHT TO REINSTATE" DELETED. Uniform Covenant 18 of the Security Instrument is deleted.

F. BORROWER'S OCCUPANCY. Unless Lender and Borrower otherwise agree in writing, the first sentence in Uniform Covenant 6 of the Security Instrument concerning Borrower's occupancy of the Property is deleted. All remaining covenants and agreements set forth in Uniform Covenant 6 of the Security Instrument shall remain in effect.

G. ASSIGNMENT OF LEASES. Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION. Borrower absolutely and unconditionally assigns and transfers to Lender all the rents revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to paragraph 21 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.
LM146/HH1/Page 2

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801



Wells Fargo Home Mortgage
2051 Killebrew Drive
Bloomington, MN 55425

January 04, 2013

Donna Prince
706   South California
Chicago IL 60612 0000

Page 3/Assignment of Rent Rider

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sum secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents, any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Uniform Covenant 7 of the Security Instrument.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or
LM147/HH1/Page 3

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801



Wells Fargo Home Mortgage
2051 Killebrew Drive
Bloomington, MN 55425

Page 4/Assignment of Rent Rider

waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

I. CROSS-DEFAULT PROVISION. Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

J. PRIOR ASSIGNMENT OF RENTS. This 1-4 Family Rider supersedes the provisions of any previous 1-4 Family Rider Assignment of Rents (a "Previous Assignment") executed by Borrower pertaining to the Property. If a Previous Assignment has been executed by the Borrower, then the assignment and lien granted in the assignment of Rents contained in Paragraph H of this 1-4 Family Rider shall relate back in time to the date and priority of any such Previous Assignment.

K. CAPITALIZED TERMS. Capitalized terms used in this 1-4 Family Rider shall have the meanings ascribed to them in the Modification except as otherwise specifically set forth in this 1-4 Family Rider.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

3/22/2013    *[signature] Donna Prince*    (Seal)
Date      Donna Prince

_____ (Seal)
Date

_____ (Seal)
Date

4-8-13  *[signature] Michelle Hoffmann*
Date    ~~Wells Fargo Home Mortgage~~
        Wells Fargo Bank, N.A.    **Michelle Hoffmann**
By:                               Vice President Loan Documentation

LM147/HH1/Page 4

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801